**UNITED STATES of America,**
**Plaintiff,**

v.

**Miller G. WILLIAMS, Sr., Defendant.**

**Civ. A. No. 1237–N.**

United States District Court
M. D. Alabama, N. D.

Aug. 26, 1957.

Ralph M. Daughtry and Robert E. Varner, Asst. U. S. Attys., Montgomery, Ala., for plaintiff.

William S. Duke, Montgomery, Ala., William S. Pritchard, Winston B. McCall, Birmingham, Ala., for defendant.

JOHNSON, District Judge.

This cause is before the Court upon the motion of the plaintiff to strike the second, third, fourth, and fifth defenses in the answer of the defendant.

The defenses in substance plead res adjudicata as a defense to the present suit.

It is the contention of the defendant that the claims under which this present action is brought were decided by the Armed Services Board of Contract Appeals under a finality clause and that this decision of the Board is res adjudicata to the present action.

■■ It is the contention of the Government that (1) the Board of Appeals, by the very words of the finality clause, only has authority to decide questions of fact, and this action is for a determination of questions of law; thus, the Board's opinion has no effect on this action and is not res adjudicata. (2) The Government further contends that the decision of the Board of Appeals does not preclude the Government from bring-

ing an action under the False Claims Act, 31 U.S.C.A. § 231 et seq., regardless of the finality claim.

The first contention of the Government can be readily disposed of by the following citation:

32 C.F.R., Part 1, § 30.1.

"1. There is hereby created, as a joint board of the Departments of the Army, Navy, and Air Force, the Armed Services Board of Contract Appeals * * *"

\* \* \* \* \* \*

"4. The Armed Services Board of Contract Appeals is hereby designated and shall act as the authorized representative of the respective Secretaries of the Army, Navy, and Air Force in hearing, considering and determining as fully and finally as might each of the secretaries (a) appeals by contractors from decisions on disputed questions by contracting officers or their authorized representatives * * *.

"When an appeal is taken pursuant to a disputes clause in a contract which limits appeals to disputes concerning questions of fact, the Board may nevertheless in its discretion hear, consider and decide all questions of law necessary for the complete adjudication of the issue.

\* \* \* \* \* \*

"7. It shall be the bounden duty and obligation of the members of the Armed Services Board of Contract Appeals to decide appeals to the best of their knowledge and ability in accordance with applicable contract provisions and in accordance with the law pertinent thereto.

"8. The Board shall have all powers necessary and incident to the proper performance of its duties * * *."

From the foregoing, it appears clearly that the first contention of the Government is without merit. It appears from the foregoing that when an appeal is taken pursuant to a disputes clause which limits appeals to disputes concerning questions of fact, the Board may nevertheless in its discretion hear, consider, and decide all questions of law necessary for the complete adjudication of the issue.

Thus, there is only one question before the Court and that is:

Does a decision by the Armed Services Board of Contract Appeals, on a dispute in a contract, preclude the government from bringing an action under the False Claims Act, based upon the matters that were in dispute and decided by the Board?

Counsels in their arguments before the Court have cited many cases; of these, only two appear to be pertinent.

In the case of United States v. United States Cartridge Co., D.C.Mo.1948, 78 F.Supp. 81, 83, the court was faced with a similar problem as present here. In that case the action was brought under the War Frauds Act (False Claims).

The defendant contended that the Government was estopped from bringing the action because all claims had been settled by the contracting officer. The court stated:

"To take from the Department of Justice disposition of this character of case and place it in the hands of a Contracting Officer, representing not the Department of Justice but the War Department, would require a statute or order specific in language and such as to leave no doubt as to the intent of Congress or the President. We have found no such statute or order. It is our conclusion that a Contracting Officer has no authority to determine or settle liability to the Government under the war frauds act. The Contracting Officer under the prime contract has power to administratively settle disputes of fact arising in the execution of a contract, not crimes in the nature of frauds of fact resulting from its execution. War frauds do not result from disputes of fact. They grow out of criminal acts. Fraud is never presumed but must

be proven. The parties never contracted that if defendant in the execution of the contract committed fraudulent acts, and subjected the wrongdoer to criminal action, liability resulting therefrom would be a matter of settlement by the Contracting Officer, or arbitration. No one would claim that by such process criminal responsibility could be eliminated. Neither can civil responsibility under the same statute."

In the case of United States v. National Wholesalers, 9 Cir., 1956, 236 F.2d 944, 950, the court was faced with a factual situation almost exactly as is present here. In this case the Government instituted a suit under the False Claims Act. The contractor was supposed to be furnishing certain specified regulators to the Government. In fact the contractor was furnishing other regulators. After discovery of said fact, the contracting officer wrote the contractor that the regulators would be accepted as "equals" (to specified regulators). The defendant, and the court below, contended that the letter by the officer was in fact a settlement of a dispute under the finality clause in the contract. The Court of Appeals in reversing the lower court stated:

"There is some strength in the argument that perhaps the contracting officer when he wrote that the substitute article qualified as 'equal' made a determination of fact which is now binding on the government. But on the whole, this court is of the opinion that the letter of October 16, 1950, did not meet the issue and was not such a determination. But if it was a determination, then the law of this circuit is against the defendants. The case of United States v. Lundstrom, 9 Cir., 139 F.2d 792, still seems to be the law here. While it may be somewhat weakened by United States v. Moorman, 338 U.S. 457, 70 S.Ct. 288, 94 L.Ed. 256, yet this National Wholesalers' case is a much weaker one for the application of the rule contended for by the

dissent in Lundstrom under Lundstrom's facts. Especially is this true when it cannot be clearly said that the contracting officer actually determined the basic issue of whether National Wholesalers had furnished what it agreed to furnish.

\* \* \* \* \* \*

"\* \* \* In such palming off as we have here we do not believe that the Congress ever intended that contracting officers should have the power to vitiate the False Claims statute."

United States v. Wunderlich, 1951, 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113, is not in point here. In this case, a direct appeal was taken from the department head's decision (which was to be final under a finality clause), this appeal being taken to the Court of Claims. This is not the case here. The Government in this case is not attempting to directly appeal from the Board's decision but is instituting another action under the False Claims Act. There is no doubt that a direct appeal could not be taken from the Board's decision.

United States v. Moorman, 1949, 338 U.S. 457, 70 S.Ct. 288, 94 L.Ed. 256, is a case similar to the Wunderlich case. Again the parties took a direct appeal to the Court of Claims. The Supreme Court definitely decided, in no uncertain terms, that under finality clauses there could be no direct appeal of the decision.

From the foregoing, it would appear that where under a finality clause a question is decided, there can be no direct appeal from this decision. However, where the Government brings a suit under the False Claims Act, even though the claim is based upon the dispute decided by the Board, the courts, although not definitely clear, appear to favor holding the decision of the Board not to be an estoppel.

In accordance with the foregoing and for good cause shown:

It is the order, judgment and decree of this Court that the plaintiff's motion

to strike the second, third, fourth and fifth defenses of the defendant should be and the same is hereby granted, and it is ordered that said defenses be stricken.